# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# WESTERN DIVISION

| | |
|---|---|
| **SUPREME BORN,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| v. | ) Case No. 7:22-cv-747-RDP-GMB |
| | ) |
| **RANDALL L. WOODFIN,** *et al.*, | ) |
| | ) |
| **Defendants.** | ) |

## **MEMORANDUM OPINION**

The Magistrate Judge entered a Report and Recommendation on October 20, 2023 recommending the dismissal of this action without prejudice under 28 U.S.C. § 1915A(b) for failing to state a claim upon which relief can be granted. (Doc. 32). The Magistrate Judge advised Plaintiff of his right to file written objections within fourteen days. (Doc. 32 at 14). On November 2, 2023, the court received Plaintiff's objections to the Report and Recommendation. (Doc. 33). None of those objections are viable. Plaintiff argues that the applicable statute of limitations should be equitably tolled while he is in prison. (Doc. 33 at 3-4). Plaintiff has not pointed to a specific reason why the statute of limitations should be tolled in his case. Furthermore, the cases he cites are (1) from other jurisdictions and (2) are inapposite to the facts of this case. (Doc. 33 at 2-3).

Plaintiff also argues that legal process was not initiated when Defendant Detective Craig filed criminal complaints against him that were unverified and contained false statements and fabricated evidence. (Doc. 33 at 3). However, the Magistrate Judge noted that Plaintiff was arrested and detained on June 7, 2017 and the statute of limitations began to run on that day. (Doc. 32 at 9). Thus, Plaintiff was required to file his complaint no later than June 2019. Plaintiff has

not acknowledged these findings; accordingly, the court agrees with the Magistrate Judge that Plaintiff's false arrest and false imprisonment claims are barred by the statute of limitations.[1]

Plaintiff also objects to the Magistrate Judge's recommendation that his malicious prosecution claim should be dismissed because he cannot meet the first prong of his malicious prosecution claim, *i.e.*, he has not shown that "'that the legal process justifying his seizure was constitutionally infirm'" and "'that his seizure would not otherwise be justified without legal process.'" *Luke v. Gulley*, 975 F.3d 1140, 1144 (11th Cir. 2020) (quoting *Williams v. Aguirre*, 965 F.3d 1147, 1157 (11th Cir. 2020). Plaintiff continues to argue (1) that Craig made unverified and false statements, committed perjury, and fabricated evidence, and (2) that defendant Magistrate Lee did not depose any witnesses before signing his arrest warrants. (Doc. 33 at 8–9). However, the Magistrate Judge noted that although the Alabama Court of Criminal Appeals reversed one of Plaintiff's convictions for shooting into an occupied vehicle, it did so based on insufficient evidence, not because any Defendants made false statements, fabricated evidence, or committed perjury. (Doc. 32 at 12). The court agrees with the Magistrate Judge's assessment. Additionally, Plaintiff has not identified any statements that establish malice and recklessness. (Doc. 33 at 8-9). Finally, because Plaintiff's underlying claims fail, his conspiracy claims fail as well. *See Tanner v. Int'l Isocyanate Inst., Inc.*, 2008 WL 11374393, at *12 (N.D. Ala. June 9, 2008).

After careful consideration of the record in this case and the Magistrate Judge's Report and Recommendation and objections, the court **ADOPTS** the Report and **ACCEPTS** the Recommendation. Consistent with that recommendation and 28 U.S.C. § 1915A(b), this action is due to be dismissed without prejudice for failing to state a claim upon which relief can be granted.

---

[1] For this reason, it is unnecessary for the court to address Plaintiff's objections to the Magistrate Judge's recommendation regarding the application of *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1989).

A final judgment will be entered.

**DONE** and **ORDERED** this February 6, 2024.

_____
**R. DAVID PROCTOR**
UNITED STATES DISTRICT JUDGE